UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCELL O'CONNER (#108824)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 10-75-FJP-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 14, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCELL O'CONNER (#108824)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 10-75-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the petition of Marcell O'Conner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons which follow, the petition should be dismissed as untimely.

**Procedural History**

Petitioner entered a guilty plea to one count attempted second degree murder (Count I), one count felon in possession of a firearm (Count II), and one count manslaughter (Count III) in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on August 24, 2001.  Pursuant to a plea agreement and a stipulation, the petitioner was sentenced the same date to 50 years imprisonment on Count I, 15 years imprisonment on Count II and 50 years imprisonment on Count III, all at hard labor without benefit of parole, probation, or suspension of sentence, with the sentences to be served consecutively.  Petitioner did not appeal the convictions or sentences.

Petitioner signed an application for post-conviction relief

(PCRA) on August 15, 2002, and it was filed on August 22, 2002.  On May 13, 2003, the trial court denied relief.  Petitioner sought review in the Louisiana First Circuit Court of Appeal.  The Louisiana First Circuit Court of Appeal granted the writ, in part, and remanded to the trial court to determine whether the petitioner was sentenced as a habitual offender in accordance with LSA-R.S. 15:529.1 and to vacate the sentence as to Count III if the trial court found that the requirements were not met.  In all other respects the writ was denied.  *State of Louisiana ex rel. Marcell O'Conner v. State of Louisiana*, 2003-1225 (La. App. 1st Cir. 9/22/03) (unpublished opinion).  Petitioner sought review in the Louisiana Supreme Court, which denied review on December 10, 2004.  *State of Louisiana ex rel. Marcell O'Conner v. State of Louisiana*, 2003-3474 (La. 12/10/04) (unpublished opinion).

On May 4, 2004, the petitioner was re-sentenced to 50 years without benefit of probation, parole or suspension of sentence on Count III.[1]  Petitioner filed a motion to reconsider sentence which was denied on October 21, 2004.  Petitioner did not seek further review.[2]

Petitioner signed his second PCRA on May 2, 2005, and it was filed on May 5, 2005.  On July 18, 2005, the trial court denied

---

[1] Re-sentencing Transcript, pp. 3-5.

[2] Petitioner had 30 days from the ruling on his motion to reconsider sentence to take an appeal.  La.C.Cr.P. art. 914.

2

review. Petitioner sought writs in the Louisiana First Circuit Court of Appeal on December 19, 2007. The Louisiana First Circuit Court of Appeal denied review on the grounds that the application for supervisory writs was filed untimely. *State of Louisiana v. Marcell O'Conner*, 2007-2622 (La. App. 1st Cir. 3/31/08) (unpublished opinion). Petitioner sought review in the Louisiana Supreme Court. On February 6, 2009, the Louisiana Supreme Court denied review specifically relying on La.C.Cr.P. art. 930.3.

On March 12, 2008, the petitioner filed a Motion to Correct an Illegal and Invalid Sentence. On March 14, 2008, the district court denied the motion. On July 2, 2008, the petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied review. *State of Louisiana v. Marcell O'Conner*, 2008-1375 (La. App. 1st Cir. 10/14/08). Petitioner sought review in the Louisiana Supreme Court. On September 25, 2009, the Louisiana Supreme Court denied review. *State of Louisiana ex rel. Marcell O'Conner v. State of Louisiana*, 2008-2918 (La. 9/25/09); 18 So.3d 84.

Petitioner filed his federal application for habeas corpus on January 28, 2010.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

**Applicable Law**

Under § 2244(d) a prisoner in custody pursuant to the judgment of a state court has one year within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's convictions became final on August 29, 2001.[3]

---

[3] An accused is "convicted" when he is "adjudicated guilty after a plea or after trial on the merits." La.C.Cr.P. art. 934(3). At the time of the petitioner's convictions La.C.Cr.P. art. 914(B)(1) provided that a motion for appeal must be made no later

From the date the petitioner's convictions became final on August 29, 2001, until August 15, 2002, the date the petitioner signed his first PCRA, 350 days of the limitations period elapsed. The limitations period was tolled from August 15, 2002, the date the petitioner filed his first PCRA, until December 10, 2004, the date the Louisiana Supreme Court denied review on the petitioner's first PCRA.

From December 10, 2004, the date the Louisiana Supreme Court denied review on the petitioner's first PCRA, until May 5, 2005, the date the petitioner filed his second PCRA, an additional 145 days of the limitations period elapsed.

By the time the petitioner filed his second PCRA on May 5, 2005, more than one year of the limitations period (495 days) elapsed. Consequently, the petitioner's federal habeas corpus application was not timely filed.[4]

---

than five days after the rendition of the judgment or ruling from which the appeal is taken. In 2003, the article was amended to provide that a motion for appeal must be made no later than 30 days after the rendition of judgment or ruling. La.C.Cr.P. art. 914(B)(1). For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

[4] For equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, June 14, 2010.

                                                     _____
                                                     STEPHEN C. RIEDLINGER
                                                     UNITED STATES MAGISTRATE JUDGE